UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE FIRST LOGISTICS, INC., | Civ. No. 17-1252 WBS DB |
| Plaintiff, | |
| v. | ORDER RE: MOTION TO SET ASIDE DEFAULT JUDGMENT |
| AMAN TRUCK LINES, LLC d/b/a ATL, | |
| Defendant. | |

The Complaint was filed in this action on June 16, 2016. (Compl. (Docket No. 1).) On July 18, 2017, plaintiff requested the Clerk to enter the default against defendant for its failure to file a claim, answer, plead, or otherwise defend this action within the time allowed by law. (Docket No. 5.) The Clerk entered judgment on the default on September 6, 2017. (Docket No. 10.) Presently before this court is plaintiff's Motion to set aside the default judgment. (Docket No. 13.)

Pursuant to Federal Rule of Civil Procedure 60(b)(1), a court may set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P.

1

60(b)(1). "A motion under 60(b)(1) must be made within a reasonable time--and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The determination of whether a party's neglect of a deadline is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). In determining whether the party's neglect of a deadline is excusable the court considers the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.; Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997).

"Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001). A district court should decline to set aside a default judgment only in "extreme circumstances" because "a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

Here, defendant delayed approximately four months from receipt of the default judgment to filing the present motion. Defendant represents that it was actually another corporation, Allstate Trucking ("Allstate") which hauled the grapes, and that

2

therefore Allstate, not defendant, would be the proper defendant to this action. Defendant further represents that it gave the default judgment to Allstate's insurance company on the same day it received the judgment, and that when Allstate's insurance company denied the claim, defendant hired an attorney, Mr. Vignolo. Mr. Vignolo then notified defendant's insurance company of the loss, and defendant's insurance company hired its own attorney, Mr. McAuley, to represent defendant in this action. Mr. McAuley filed this Motion less than 30 days after being assigned the case and initiating talks with plaintiff to resolve the dispute.

The court must consider the length of the delay in the context of the reason for defendant's delay in bringing this motion. See Souliotes v. City of Modesto, Civ. No. 115-00556, 2017 WL 1273824, at *3 (E.D. Cal. Jan. 20, 2017) (O'Neill, J.) (explaining "the length of delay in and of itself is not dispositive, but must be considered in the context of the reason for the delay."). Here, the reason given for the delay—-that Allstate was responsible for the damaged grapes and that defendant initiated talks to resolve the dispute with Allstate and plaintiff—-appears reasonable. See Quach v. Cross, Civ. No. 03-9627 GAF, 2004 WL 2862285, at *7 (C.D. Cal. Dec. 3, 2004) (granting motion to set aside entry of default where defendants did not believe they were proper parties to the action).

Additionally, the only substantial prejudice plaintiff will suffer by the setting aside of the default is the time and money expended in attempting to enforce the judgment. That may be remedied by requiring defendant to reimburse plaintiff for

3

those attorneys' fees and costs.[1]

IT IS THEREFORE ORDERED that defendant's Motion to set aside the default judgment (Docket No. 13) be, and the same hereby is, GRANTED, conditioned upon defendant's paying the costs and attorneys' fees incurred by plaintiff in executing on the judgment. If the parties cannot agree upon the amount of those costs and fees, plaintiff shall submit documentation of their costs and attorneys' fees in accordance with the procedures set forth in Local Rule 292 and Federal Rule of Civil Procedure 54.

Dated: February 6, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Because the court sets aside the default pursuant to Rule 60(b)(1), the court does not address the defendant's other grounds for setting aside the default.

4